IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY ROY KEETON,

    Plaintiff,                    No. CIV S-06-1094 GEB KJM P

    vs.

SERGEANT COX, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendants have brought a motion to dismiss, arguing that plaintiff has "struck out" within the meaning of the Prison Litigation Reform Act (PLRA). In addition, defendant Cox argues that the complaint fails to state a claim against him.

I. "Three Strikes" and the PLRA

        The "three strikes" provision of the PLRA empowers a court to deny in forma pauperis status to a litigant who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). An action meets this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal

1

interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).

When defendants challenge a plaintiff's in forma pauperis status, they bear the initial burden of production:

> [T]he defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious, or fail[ed] to state a claim." . . . [T]he defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine because it was "frivolous, malicious or fail[ed] to state a claim."

Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

Once defendants have met this initial burden, it becomes the prisoner plaintiff's burden to explain why a prior dismissal should not count as a strike. It is plaintiff's "ultimate burden" to persuade the court that § 1915(g) does not apply. Id.

Defendants have asked the court to take judicial notice of this court's records of four cases, which they have provided; this is granted. Three of the cases were resolved before plaintiff filed the instant action; the fourth was filed after the instant action was filed.

The first case is Keeton v. Valadez, Civ. No. S-03-625 FCD DAD P. In that case, the magistrate judge dismissed plaintiff's amended complaint because of its incomprehensibility, but granted plaintiff leave to file a second amended complaint. Def'ts' Request For Judicial Notice (Request), Ex. B-3. In recommending dismissal, however, the magistrate judge relied on plaintiff's failure to file a second amended complaint rather than on the deficiencies in the first amended complaint. Request, Ex. B–10. The district judge adopted this recommendation and dismissed the case without prejudice under the authority of Federal Rule of Civil Procedure 41(b). Request, Ex. B-12.

In Keeton v. Grannis, Civ. No. 03-1724 DFL DAD P, plaintiff's initial complaint was dismissed with leave to file an amended complaint. Request, Ex. C-2. Once again,

1  however, plaintiff failed to file an amended complaint and the magistrate judge recommended
2  that the action be dismissed for this reason. Request, Ex. C-5. The district judge adopted this
3  recommendation and ordered the case dismissed without prejudice. Request, Ex. C-6.

4        The third case, <u>Keeton v. Schwartz</u>, Civ. No. S-03-1660 LKK JFM P, followed a
5  different pattern. The magistrate judge found service of an amended complaint appropriate for
6  several defendants. Request, Ex. D-1 (docket entry 28). Defendants filed a motion to dismiss for
7  failure to state a claim. Request, Ex. D-2. The magistrate judge concluded that plaintiff was
8  attempting to litigate two separate civil rights actions. One, a retaliation claim against defendant
9  Cry, the court found to state a claim; the second, an Eighth Amendment claim against defendants
10 Schwartz and Vierra, the court found too vague and conclusory. Request, Ex. D-3 at 2-3. It
11 dismissed the complaint, giving plaintiff leave to file a second amended complaint. <u>Id</u>. at 3-5.
12 Plaintiff did not comply, which resulted in a recommendation that the action be dismissed
13 without prejudice under the authority of Federal Rule of Civil Procedure 41(b). Request, Ex.
14 D–4. The district court adopted this recommendation and dismissed the action without prejudice.
15 Request, Ex. D-5.

16       The last case is <u>Keeton v. Klarich</u>, Civ. No. F-05-0921 OWW WMW P. Here,
17 once again, the magistrate judge dismissed plaintiff's complaint but gave him leave to file an
18 amended complaint. Request, Ex. E-2. When plaintiff failed to comply, the magistrate judge
19 recommended that the action be dismissed under the authority of Local Rule 11-110, for failure
20 to obey a court order. Request, Ex. E-3. The district court adopted this recommendation and
21 dismissed the action without prejudice "for failure to prosecute." Request, Ex. E-4.

22       Defendants have cited general cases about the three strikes provision, but have
23 cited no specific authority finding that dismissals for failure to prosecute constitute strikes. In
24 <u>Butler v. Department of Justice</u>, 492 F.3d 440, 443 (D.C. Cir. 2007), the Court of Appeals for the
25 District of Columbia held that a dismissal for failure to prosecute an appeal did not constitute a
26 strike within the meaning of 28 U.S.C. § 1915 (g). It reasoned that a failure to prosecute did not

1  mean that the action lacked merit, failed to state a claim or was malicious, as the statute requires.
2  See 28 U.S.C. § 1915(g); Butler, 429 F.3d at 443.  The court declined to "writ[e] another
3  category of strikes into the PLRA" and so rejected the government's argument that dismissals for
4  failure to prosecute could count as strikes. Id. at 444.  While the court recognized that a prisoner
5  who fails to pursue his action also burdens the court, it declined to find that dismissals for failure
6  to prosecute counted as strikes. Id.  This court finds the reasoning of the Butler court persuasive
7  and thus rejects this portion of defendants' motion.

      II.  Failure To State A Claim

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly , _ U.S. _, 127 S.Ct. 1955, 1964-65 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 127 S.Ct. at 2200.

Plaintiff alleges that he observed defendants Cox and Ramirez talking and that thereafter defendant Ramirez's attitude toward and treatment of plaintiff changed, culminating in Ramirez's use of force against plaintiff and his mishandling of some of plaintiff's personal property. Compl. at 7.[1]  He also alleges that defendant Cox was aware of defendant Ramirez's plans to retaliate against plaintiff by causing him injury and refused to stop it.  Compl. at 14. Defendant Cox asserts that the complaint fails to state a claim because it "simply alleges that Cox and Ramirez spoke."  Def'ts' Mem. P. & A. in Supp. Motion To Dismiss (Mot.) at 9.

---

[1] The court refers to the page numbers as assigned by the CM/ECF system.

As noted above, however, defendant Cox reads the complaint too narrowly. Plaintiff's allegations that defendant Cox was aware that defendant Ramirez planned to injure plaintiff yet failed to act states a claim under the Civil Rights Act. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 19, 2007.

_____
U.S. MAGISTRATE JUDGE

2
keet1094.57