IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY ROY KEETON,

        Plaintiff,                   No. CIV S-06-1094 GEB KJM P

    vs.

SERGEANT COX, et al.,

        Defendants.         <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendants previously have filed a motion to dismiss, arguing plaintiff had "struck out" within the meaning of the Prison Litigation Reform Act (PLRA) and that the complaint failed to state a claim against defendant Cox. Docket No. 11. The court initially recommended that the motion be denied, reasoning that dismissals for failure to prosecute did not constitute strikes, and found that the instant complaint stated a claim. Defendants objected on the ground that the dismissals stemmed from plaintiff's failure to submit amended complaints after initial complaints had been found not to state a claim and that because "substance matters," these dismissals should be counted as strikes; they did not object to the determination that this complaint stated a claim. Docket No. 20. The court vacated its recommendation and gave

/////

1

plaintiff an opportunity to respond to defendants' arguments. Docket No. 21. After requesting an extension of time to file a response, he has not done so.

I. "Three Strikes" and the PLRA

The "three strikes" provision of the PLRA empowers a court to deny in forma pauperis status to a litigant who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). An action meets this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).

When defendants challenge a plaintiff's in forma pauperis status, they bear the initial burden of production:

> [T]he defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious, or fail[ed] to state a claim." . . . [T]he defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine because it was "frivolous, malicious or fail[ed] to state a claim."

Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

Once defendants have met this initial burden, it becomes the plaintiff's burden to explain why a prior dismissal should not count as a strike. It is plaintiff's "ultimate burden" to persuade the court that § 1915(g) does not apply. Id.

II. Plaintiff's Litigation History

A. Keeton v. Valadez, Civ. No. S-03-625 FCD DAD P

In this case, the court initially advised plaintiff he could request voluntary dismissal of his action, which did not appear to have been administratively exhausted, before the

court assessed the filing fee. Id. at 13. In response, plaintiff filed a number of documents, including one the court interpreted as "mixed together in a single pleading his objections to the findings and recommendations, his purported amended complaint and a request for injunctive relief." Docket No. 12-3 at 17. The court found this mixed presentation obscured the substance of the complaint, but still examined plaintiff's allegations and discerned the possibility that plaintiff could properly allege failure to protect and excessive force claims. Id. at 18-19. It granted plaintiff leave to file a second amended complaint. Id. at 21.

Although the court granted plaintiff additional time in which to file a second amended complaint, plaintiff did not do so. Id. at 26, 32. The assigned magistrate judge then recommended dismissal for failure to prosecute and because plaintiff was refusing legal mail sent to him by the court. Docket No. 12-4 at 3. Plaintiff then objected and asked for a stay of the proceedings. Id. at 7. The court gave plaintiff the option of filing a request for voluntary dismissal or a second amended complaint. Id. at 8. When plaintiff did not comply with this order, the magistrate judge recommended dismissal without prejudice based on Local Rule 11-110 and Federal Rule of Civil Procedure 41(b). Id.

Plaintiff again filed objections based on a transfer and a claimed inability to gain access to his legal materials. Id. at 16. The court gave him yet another opportunity to request a voluntary dismissal or file a second amended complaint. Id. at 16-17. When plaintiff did not comply with this order, the magistrate judge again recommended dismissal without prejudice, citing Local Rule 11-110 and Federal Rule of Civil Procedure 41(b). Id. at 20. Ultimately the district judge adopted this recommendation and dismissed the case without prejudice. Docket No. 12-5 at 7.

B. Keeton v. Grannis, Civ. No. 03-1724 DFL DAD P

In this case, the assigned magistrate judge observed that "plaintiff's complaint is not a model of pleading" and described the claim, as the judge could best discern it, as based on restrictions placed on the number of appeals plaintiff could pursue in any given time. Docket

No. 12-6 at 10. Although the court found plaintiff "failed to state a cognizable claim against defendants Cry and Grannis," it gave plaintiff leave to file an amended complaint so that he could clarify the basis of his claim or dismiss the action voluntarily. Id.

Plaintiff failed to file an amended complaint and the magistrate judge recommended that the action be dismissed without prejudice for this reason, again citing to Federal Rule of Civil Procedure 41(b) and Local Rule 11-110. Id. at 15. Once again, plaintiff objected and sought additional time to amend, averring that a transfer had separated him from his legal materials. Id. at 19-20. The judge granted plaintiff the time he sought, but when he ultimately failed to file an amended complaint, again recommended dismissal. Id. at 20, 23.

The district court adopted this recommendation and dismissed the action without prejudice. Id. at 28-29.

C.  Keeton v. Schwartz, Civ. No. S-03-1660 LKK JFM P

This case followed a different pattern. The assigned magistrate judge found service of an amended complaint appropriate for several defendants. Docket No. 12-7 at 5 (Docket No. 28). Defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), 28 U.S.C. § 1915(e)92)(B)(i) and 42 U.S.C. § 1997e(c). Id. at 12-20.

The assigned magistrate judge concluded that plaintiff was attempting to litigate two unrelated claims. One, a retaliation claim against defendant Cry, the court found adequately pled; the second, an Eighth Amendment claim against defendants Schwartz and Vierra, the court found too vague and conclusory as pled. Id. at 23-27. Even though the judge found the claim against defendant Cry to be adequately pled, he dismissed the entire amended complaint and gave plaintiff leave to file a second amended complaint. Id. at 25, 27.

At this point, the action followed the pattern of the prior cases. Plaintiff did not file a second amended complaint, which resulted in a recommendation that the action be dismissed without prejudice based on Federal Rule of Civil Procedure 41(b) and Local Rule 11-

4

110. Docket No. 12-7 at 30. The district court adopted this recommendation and dismissed the action without prejudice. Docket No. 12-7 at 33-34.

        D. Keeton v. Klarich, Civ. No. F-05-0921 OWW WMW P

    In this case, plaintiff filed a civil rights complaint alleging that the defendants had deprived him of adequate medical care in violation of the Eighth Amendment's proscription against cruel and unusual punishment. Docket No. 12-8 at 7. The assigned magistrate judge found "plaintiff has alleged facts indicating that he suffered from a serious medical condition" but had not "charged the individual defendants with specific conduct indicating that they knew of Plaintiff's serious medical condition and acted with deliberate indifference . . . resulting in injury to Plaintiff." Without the additional allegations, the court continued, plaintiff's claim of inadequate medical care failed to state a claim for relief. Id. at 8. It dismissed plaintiff's complaint, but gave him leave to file an amended complaint. Id. at 10.

    When plaintiff failed to comply, the magistrate judge recommended that the action be dismissed without prejudice under the authority of Local Rule 11-110 for failure to obey a court order. Docket No. 12-8 at 12-13. The district court adopted this recommendation and dismissed the action without prejudice "for failure to prosecute." Docket No. 12-8 at 15-16.

III. Analysis

    In its original findings and recommendations, this court relied on Butler v. Department of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007), in which the Court of Appeals for the District of Columbia held that a dismissal for failure to prosecute an appeal did not constitute a strike within the meaning of 28 U.S.C. § 1915(g). See Docket No. 19 at 3-4. The Butler court reasoned that a failure to prosecute did not mean that the action lacked merit, failed to state a claim or was malicious, as the statute requires. See 28 U.S.C. § 1915(g); Butler, 492 F.3d at 443. The court declined to "writ[e] another category of strikes into the PLRA." Butler, 492 F.3d at 444. While the court recognized that a prisoner who fails to pursue his action also burdens the

/////

court, it declined to find that dismissals for failure to prosecute counted as strikes. Id.; Docket No. 19 at 3-4.

In support of their objections, defendants have provided the docket sheets from the dismissals the Butler court rejected as strikes. In each of the four cases, the court dismissed Butler's appeal based on failure to file initial submissions as directed or for failure to oppose appellee's motion for summary affirmance. None of these dismissals was preceded by any order discussing the merits of the underlying appeals. Docket No. 20-2 at 1-15.[1]

Defendants also rely on the published case of Thompson v. Drug Enforcement Administration, 492 F.3d 428 (D.C. Cir. 2007), a companion case to Butler, and Ruff v. Ramirez, 2007 WL 4208286 (S.D. Cal.). In Thompson, the Court of Appeals described one of the appellant's prior appeals:

> . . . In a third case, Charles Thompson brought an appeal in the Eleventh Circuit, where his IFP motion was assigned to a single appellate judge, who then denied Thompson's motion and declared the appeal frivolous. In support, the judge cited 28 U.S.C. § 1915(e)(2)(B(i), which requires federal courts to dismiss actions and appeals brought by prisoners if at any time they determine the action or appeal to be frivolous. The judge then gave Charles Thompson thirty-five days to file a motion for reconsideration, and when that time passed without a response, the Eleventh Circuit dismissed his appeal for want of prosecution.
>
> Amicus for Charles Thompson argues that this appeal should not count as a strike because the Eleventh Circuit formally dismissed it for failure to prosecute, rather than for frivolousness. This is hypertechnical. But for the judge declaring it frivolous, Charles Thompson's appeal would have gone forward. We therefore regard this case as Charles Thompson's second strike.

492 F.3d at 433. Similarly, in Ruff, the District Court for the Southern District of California examined several of plaintiff's cases to determine whether they were strikes. In one, from this district, the magistrate judge had initially dismissed the complaint, during screening, "'*as*

---

[1] Defendants have provided the summary versions of three of the four docket sheets. The court has reviewed the full dockets of the three cases and the orders dismissing three of the four. No order was available on the court's PACER system for the oldest of Butler's appeals.

6

*frivolous*, with leave to amend.'" Ruff, 2007 WL 4208286 at *5 (emphasis in original). When the plaintiff failed to file the amended complaint, "Judge Hollows entered findings and recommended that Plaintiff's action be dismissed . . . ." Id. Ultimately, the district court "dismissed the action 'without prejudice.'" Id. The court in Ruff continued:

> . . . [W]hile Judge Hollows' final order of dismissal refers only to Plaintiff's failure to prosecute, which is not *by itself* within the ambit of § 1915(g), . . . Plaintiff's Complaint . . . would have proceeded were it not for Magistrate Judge's [sic] Hollows' initial determination that Plaintiff's complaint, as submitted and unless amended, was frivolous. Therefore, because this action would have proceeded had it not been for Judge Hollows' initial dismissal for frivolousness, this Court finds that [the action] qualifies as Plaintiff's second "strike" under 28 U.S.C. § 1915(g).

Id.

The Ninth Circuit has not considered the precise question presented in this case. However, in other contexts, it has recognized that indeed substance does matter when considering whether the dismissal of a prisoner's case constitutes a strike. In Andrews v. King, the court said:

> Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of an order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> We hold that, under the plain language of § 1915(g), the prior dismissals would qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim.

398 F.3d at 1121 (internal citations omitted).

/////

/////

7

The Ninth Circuit applied these principles in O'Neal v. Price, 531 F.3d 1146 (9th Cir. 2008). In O'Neal, the court concluded:

> . . . [T]he district court has "dismissed" the prisoner's case for purposes of § 1915(g) when the court denies the prisoner's application to file the action without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint.

Id. at 1152. The court reasoned that a district court has an obligation to deny in forma pauperis status to an inmate who files a frivolous complaint and continued:

> Because these statutes impose a mandatory duty, we construe a district court's termination of an in forma pauperis complaint during the screening process for a reason enumerated in § 1915A, § 1915(e)(2)(B), or § 1997e(c) as a dismissal pursuant to the applicable section. The district court's use of alternative terminology does not change this conclusion. Accordingly, we hold that when a district court disposes of an in forma pauperis complaint on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted, such a complaint is "dismissed" for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee.

Id. at 1154. The court also noted that a dismissal without prejudice and even a dismissal for procedural defects may nevertheless count as strikes under certain circumstances, though recognized that such dismissals generally did not so qualify. Id. at 1155 & n.9.

In its discussion of procedural dismissals as strikes, the O'Neal court cited two cases from other circuits. The first, Tafari v. Hues, 473 F.3d 440, 441 (2d Cir. 2007), posed "the narrow question" whether an inmate's interlocutory appeal of a non-final order was frivolous and thus counted as a strike. The court recognized that the label "frivolous" within the contemplation of the PLRA "refers to the ultimate merits of the case" and reasoned that because the dismissal of a premature appeal "is not based on a determination that it ultimately cannot succeed," such a dismissal would not count as a strike. Id. at 442-43. A determination that "the defect is remediable" means that the dismissal for such a defect does not count as a strike. Id.

/////

The <u>Tafari</u> court relied on <u>Snider v. Melindez</u>, 199 F.3d 108 (2d Cir. 1999), also cited in <u>O'Neal</u>. In <u>Snider</u>, the court considered whether a dismissal for failure to exhaust counted as a strike under the PLRA. The court observed:

> In addition, the apparent purposes of Section 1997e(c)(2) and of the three strikes provision of Section 1915(g) strongly imply that the dismissal contemplated in these provisions is one that *finally* terminates the action because of a determination that it ultimately cannot succeed. . . . [W]e believe Section 1915(g)'s mandate that prisoners may not qualify for IFP status if their suits have thrice been dismissed on the ground that they were "frivolous, malicious, or fail[ed] to state a claim" was intended to apply to nonmeritorious suits dismissed without prejudice for failure to comply with a procedural prerequisite.

<u>Id</u>. at 111.

Having carefully considered defendants' arguments, the current Ninth Circuit precedent and the lines of authority on which it relies, and having performed a "careful evaluation of [the] order[s] dismissing [the] action[s]," this court concludes that the instant case is not barred by the PLRA's three strike provision. In <u>Keeton v. Klarich</u> and <u>Keeton v. Valadez</u>, discussed above, the orders underlying the ultimate dismissals for failure to prosecute determined that the complaints as initially presented failed to state a claim, but recognized that the pleading deficits were remediable and so gave plaintiff leave to amend. Neither of these underlying orders suggested that the action was finally terminated because it was frivolous, malicious or failed to state a claim; rather, the orders found the pleading deficits might be ameliorated.

In <u>Keeton v. Schwartz</u>, the order underlying the ultimate dismissal for failure to prosecute found that the complaint did in fact state a claim against defendant Cry, but was too vague and conclusory for the court to determine whether it stated a claim against defendants Schwartz and Vierra. It is difficult to classify this order, which found at least a portion of the complaint to state a claim, as giving rise to a strike: in fact, the action could have proceeded against defendant Cry and arguably against defendants Schwartz and Vierra with amendment.

/////

The underlying order in Keeton v. Grannis gives some basis for determining that the ultimate dismissal in that case for failure to prosecute was a strike, for the magistrate judge appeared to be giving plaintiff leave to amend out of an abundance of caution rather than out of a sense that the pleading problems could be cured, but this court need not reach an ultimate conclusion on this question: even if this case counts as a strike, it is only one of the four cases defendants have presented.

The conclusion here does not conflict with Thompson. In that case, the court's first order was a final determination that the appeal was frivolous, a conclusion that the appeal ultimately could not succeed. In at least three of the four cases offered as strikes in the instant case, the underlying orders were not such final determinations, for they gave plaintiff the opportunity to plead anew -- decisions this court declines to second-guess now in the face of the defendants' motion. That plaintiff did not accept the invitation to recast his complaints does not render the ultimate dismissals, as articulated by the respective presiding judges, determinations that the actions did not state claims and thus could not have moved forward.[2]

IT IS THEREFORE RECOMMENDED that defendants' motion to dismiss (docket no. 11) be denied and that defendants be directed to file an answer within twenty days of any adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] The court's conclusion should not be read as sanctioning plaintiff's apparent pattern of shadowboxing with the court, reflected – repeatedly and in different cases – in his buying time but then not using it, filing objections after the fact, and in other ways interfering with efficient or orderly resolution of his cases. The presiding judge in each prior case determined how to address plaintiff's filings (or lack thereof) based on the record in each case; it is not for this court to substitute its judgment now, several years later, by converting involuntary dismissals for failure to follow court orders into dismissals for failure to state a claim.

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  March 12, 2009.

_____
U.S. MAGISTRATE JUDGE

2/keet1094.57(2)