IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY ROY KEETON,

      Plaintiff,                      No. CIV S-06-1094 GEB KJM P

      vs.

SERGEANT COX, et al.,

      Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. His complaint in this matter was ordered served on defendants Cox and Ramirez. Defendants have filed a second motion to dismiss, arguing claim preclusion and issue preclusion.

I. Procedural History

        In May 2007, defendants filed a motion to dismiss, alleging that the complaint failed to state a claim against defendant Cox and that plaintiff has "struck out" under the Prison Litigation Reform Act. Docket No. 12. This court recommended that the motion be denied, reasoning that dismissals for failure to prosecute did not constitute strikes, and found that the instant complaint stated a claim. Docket No. 19. Defendants objected on the ground that the dismissals stemmed from plaintiff's failure to submit amended complaints after initial

1

complaints had been found not to state a claim and that because "substance matters," these dismissals should be counted as strikes; they did not object to the determination that the complaint in this action states a claim. Docket No. 20. The court vacated its recommendation and gave plaintiff an opportunity to respond to defendants' arguments; he did not do so. Docket No.21.

In the second findings and recommendations issued in response to the motion to dismiss, this court again denied the motion, recognizing that while substance indeed matters, the dismissals characterized as strikes were not so in substance. Docket No. 24. It also recommended that defendants be directed to answer the complaint. Id. The district court adopted the findings and recommendations and directed defendants to file an answer. Docket No. 26.

Defendants have not yet filed their answer; instead they have filed a second motion to dismiss, arguing that the complaint must be dismissed because of claim preclusion and issue preclusion.[1] Plaintiff has opposed the motion and defendants have filed a reply.

II. The Instant Complaint

Plaintiff alleges that defendant Cox was involved in an incident on April 26, 2002, which ultimately resulted in an injury to plaintiff's right wrist; an Officer Bailer actually broke plaintiff's wrist. Complaint (Compl.) at 10.[2] Plaintiff later saw Cox talking to Ramirez and shortly after that, Ramirez began to harass plaintiff. Id.

Plaintiff, tired of the harassment, prepared a grievance against defendant Ramirez. Id. at 8, 10. On May 15, 2002, Ramirez escorted plaintiff back to his cell after a visit to plaintiff's counselor and then asked plaintiff to put his hands outside the food slot so Ramirez

---

[1] Under Rule 12(g)(2), of the Federal Rules of Civil Procedure, a motion to dismiss based on defenses listed in rule 12(b) precludes further motions on any of those grounds. Claim and issue preclusion are not among those listed.

[2] The court relies on the page numbers assigned by its ECF system.

could remove the handcuffs. Id. at 11. Plaintiff protested that he could not because of the injury to his wrist. Id. at 11-12. Ramirez used "foul verbiage" against plaintiff, grabbed the handcuffs, and yanked plaintiff against the cell door. Id. at 12. Ramirez removed the left handcuff, but twisted the right handcuff against plaintiff's injured wrist. Id. Plaintiff was ultimately removed from his cell and taken to the infirmary and then to segregation. Id. at 13.

Ramirez packed plaintiff's personal property, most of which never made it to the property room. Id. at 8, 13. Ramirez has refused to compensate plaintiff for the missing property. Id. at 8.

In addition, Ramirez filed a disciplinary charge against plaintiff to cover up the improper use of force. Id. at 8. Ramirez's use of force exacerbated plaintiff's wrist injury. Id. at 9.

Plaintiff alleges that these actions violated his Eighth Amendment right to be free from the excessive use of force and false imprisonment. He also alleges that the acts were retaliatory. Id. at 14-16.

III. Claim Preclusion

Defendants argue that the current action must be dismissed because the same claims were raised in Keeton v. Cox, Civ. No. S-02-2275 GEB KJM P. They have asked the court to take judicial notice of the records in the prior case. The court will do so. Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (taking judicial notice of records to determine preclusive effect of earlier case).

A. Claim Preclusion Standards

Two related doctrines of preclusion are grouped under the term "res judicata." Taylor v. Sturgell, __ U.S. __, 128 S.Ct. 2161, 2171 (2008). One of these doctrines, claim preclusion, forecloses "'successive litigation of the very same claim.'" Id. There are three elements: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005). Claim

preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

Because claim preclusion is an affirmative defense, defendants bear the burden of proving its application. Taylor, 128 S.Ct. at 2179-80.

B. Claims Made In Prior Complaint (Civ-S-02-2275)

In his amended complaint in Case No. 02-2275, plaintiff alleged that defendant Cox was involved in "an incident with the plaintiff on 4-26-02," which prompted plaintiff to file a grievance against Cox. Defs.' Motion to Dismiss (MTD), Ex. 2 (Docket No. 27-10) at 11, 18. Later, plaintiff saw Cox talking with Officer Ramirez, whose attitude toward plaintiff then changed. Id. On May 15, 2002, Ramirez escorted plaintiff back to his cell and asked plaintiff to put his hands through the food slot for uncuffing. Id. at 20-21. When plaintiff demurred because of the earlier injury to his wrist, Ramirez used "foul verbiage," grabbed the handcuffs, and pulled plaintiff against the cell door. Id. at 14, 21-22. Ramirez then unfastened the left cuff, but continued to twist the right cuff around plaintiff's injured wrist. Id. at 22. Ramirez took charge of plaintiff's personal property when plaintiff was moved into segregation; much of that property has been lost, yet Ramirez has refused to reimburse him for its loss. Id. at 12-13, 26. In addition, Ramirez filed a false disciplinary against plaintiff. Id. at 14, 26. However, the court in that case ordered the complaint served on defendant Cox only and so Ramirez never entered an appearance or otherwise became a party to the prior action. Keeton v. Cox, Case No. Civ-S-02-2275, Docket Nos. 13, 34.[3]

After being served, defendant Cox filed a motion to dismiss, alleging that plaintiff had failed to exhaust his administrative remedies. Id., Docket No. 40. When plaintiff did not respond, the court directed him to file his opposition or statement of non-opposition or face

---

[3] As noted, this court ordered the complaint in this case served on both Cox and Ramirez. Docket No. 10.

sanctions. Id., Docket No. 44. When plaintiff still did not respond, the court recommended that "this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." MTD, Ex. 3, Docket No. 27-10 at 78. The district court adopted this recommendation and dismissed "this action . . . pursuant to Federal Rule of Civil Procedure 41(b)." Id. at 82.

C. Analysis

Defendants argue that the dismissal of the earlier action precludes the claims in the instant action. MTD at 3. Plaintiff counters that the doctrine should not prevent him from pursuing his claims against Ramirez, who was not a party to the prior action. Opposition (Opp'n) at 3. Defendants argue that Ramirez is entitled to rely on the preclusive effect of the prior judgment so long as the two suits stem from the same facts and then point to the recitation of facts in both suits. Reply at 2. They rely on Blonder-Tongue Lab., Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971).

In Blonder-Tongue, the Supreme Court recognized the erosion of the requirement of mutuality of estoppel, but observed that the "mutations in estoppel doctrine are not before us for wholesale approval or rejection," even though those mutations did cause the court to "re-examine whether mutuality of estoppel is a viable rule where a patentee seeks to relitigate the validity of a patent once a federal court has declared it to be invalid." Id. at 327. It ultimately concluded it was not tenable "to afford a litigant more than one full and fair opportunity for judicial resolution of the same issue." Id. at 328. As the Supreme Court later recognized, in Blonder-Tongue it in fact eliminated the mutuality requirement for collateral estoppel. Allen v. McCurry, 449 U.S. 90, 94-95 (1980).

In Gulf Island IV, Inc. v. Blue Streak-Gulf IS OPS, 24 F.3d 743, 746-47 (5th Cir. 1994), the Fifth Circuit considered whether a defendant who was named but never served in a prior action could rely on the preclusive effect of that earlier litigation in a later suit. The court rejected the defendant's reliance on Blonder-Tongue and found that the defendant who had not been served or entered an appearance was not entitled to rely on res judicata; the lack of privity

with a defendant that had appeared meant the unserved defendant could not satisfy the third element required for claim preclusion.

Similarly in <u>Nagle v. Lee</u>, 807 F.2d 435 (5th Cir. 1987), the defendant filed a civil rights action, alleging that two "Doe" deputies had abused him and that the Sheriff, the only named defendant, knew or should have known of his deputies' violent tendencies. That action was dismissed for failure to prosecute. <u>Id</u>. at 437. Plaintiff then filed a new civil rights action based on the same incident, once again naming the Sheriff, but this time naming the two deputies as well. <u>Id</u>. They were served and appeared in the second action, but argued that the action against them was barred by res judicata. The district court granted their motion to dismiss. <u>Id</u>. The Fifth Circuit reversed:

> A party to a cause of action is a person who is both named as a party and subjected to the court's jurisdiction. A person named as a party can subject himself to the court's jurisdiction either by voluntarily appearing in court or by being brought under the court's authority through valid service of process. Only a party is bound by or entitled to the benefits of the rules of res judicata.

<u>Id</u>. at 440 (internal citations omitted); <u>see also</u> <u>Gospel Missions of America v. City of Los Angeles</u>, 328 F.3d 548, 556 (9th Cir. 2003) (only parties and their privies are entitled to rely on res judicata); <u>but see</u> <u>Williams v. Lehigh County Department Of Corrections</u>, 19 F.Supp.2d 409, 412 (E.D. Penn. 1998) (unserved defendants could raise res judicata because they were "closely related" to parties in prior action and "controlling issues" had been resolved in that action).

Defendants also suggest that in this action defendant Ramirez is entitled to the benefits of res judicata because both complaints present the same facts. The court agrees that the factual allegations are virtually identical. However, the allegations against defendant Cox are limited to his involvement in the April 26, 2002 injury to plaintiff's wrist and his communication with defendant Ramirez, presumably about plaintiff's grievance against Cox. The allegations against defendant Ramirez, in contrast, flow from the further injury to plaintiff's wrist on May 15, 2002 and Ramirez's handling of plaintiff's property, neither of which involved

defendant Cox. These are different transactions, raising different wrongs inflicted by a different person, who was not a party to the earlier action.

There is no dispute that the Rule 41(b) dismissal in plaintiff's prior action is entitled to preclusive effect in the current action. Semtek International Incorporated v. Lockheed Martin Corporation, 531 U.S. 497, 504-06 (2001). But because defendant Ramirez was not a party to the former action, he is not entitled to rely on res judicata to bar plaintiff's action. Only defendant Cox is entitled to claim preclusion based on the earlier federal action.

IV. Issue Preclusion

Defendants also argue that the claims and issues raised in this action were litigated in a habeas petition filed in Solano County Superior Court and so are barred by the doctrine of issue preclusion. The court takes judicial notice of the state habeas materials in order to resolve this question.

    A. Issue Preclusion Standards

The Supreme Court has explained:

> Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.

Taylor, 128 S.Ct. at 2171 (internal citation, quotation omitted); see also Montana v. United States, 440 U.S. 147, 153 (1979).

When a party relies on a state court judgment for its preclusive effect, the federal court must give that judgment the preclusive effect it would have under state law. Allen, 449 U.S. at 96; Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007). A judgment in a state habeas action may preclude further litigation of issues in a federal civil rights action or in a state civil action. Sperl v. Deukmejian, 642 F.2d 1154, 1155 (9th Cir. 1981); Silverton v. Department Of The Treasury, 644 F.2d 1341, 1346-47 (9th Cir. 1981); Younan v. Caruso, 51 Cal.App.4th 401, 410 (1996) (judgment in state habeas barred malpractice action).

7

In California,

> collateral estoppel has been found to bar relitigation of an issue decided at a previous proceeding if (1) the issue necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the prior [proceeding].

People v. Sims, 32 Cal.3d 468, 484 (1982) (internal quotation omitted); Lucido v. Superior Court, 51 Cal.3d 335, 341 (1990). These elements are the same for both claim and issue preclusion. Brinton v. Bankers Pension Services, Inc., 76 Cal.App.4th 550, 556 (1999).

California courts use the "primary rights" theory in analyzing the identity of claims and causes of action:

> Under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists of a breach of such primary right and duty. . . .[I]f two actions involve the same injury to plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and /or adds new facts supporting recovery.

Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (internal citations, quotations omitted). The critical focus is on the harm suffered. Id.

B. Issues Raised In Prior State Complaint

On the state judicial council form he used to file the Solano County habeas action, petitioner checked three boxes under the heading "this petition concerns": prison conditions, credits and prison discipline. MTD, Ex. A (Docket No. 27-3) at 4. Plaintiff as the petitioner identified his first ground for relief as a violation of his rights to due process and against cruel and unusual punishment because of a "major act of harassment" and the use of "illegal tactics" to subject him to false imprisonment. Id. at 5. In support of this claim, plaintiff alleged, among other things, that prison officials began to harass him because of his use of the grievance process. Among the acts of harassment were the incident of April 26, 2002, with Officer Bailer identified

8

as the person who fractured his wrist on that date. Id. at 5. Plaintiff also said that defendant Ramirez "struck out" at him on May 15, 2002, while he was handcuffed, and later discarded petitioner's personal property. As a result of this latter incident, plaintiff was found guilty of battery on the officer, based on the officer's lies. Id at 4, 18. Plaintiff cites California administrative regulations and a CDC booklet, both of which provide that inmates are to be treated respectfully. Id. at 5. In addition, he cites policy on the proper use of restraints Id. at 10.[4] The Solano County petition was supported by hundreds of pages of exhibits. MTD, Exs. A-1 to A-3.

On July 29, 2003, the Solano County Superior Court denied the writ:

> Petitioner fails to make a prima facie showing that the California Department of Corrections' finding, that he was guilty for . . .assaulting a peace officer with a weapon was not supported by any evidence.
>
> The Senior Hearing Officer based his finding of guilt on the contents of the report written by [the] reporting officer, the contents of 837C-1. . ., and the plea statement of petitioner . . . .
>
> Additionally, petitioner failed to make a prima facie showing that his classification score requires that he be transferred from the California Medical Facility. . . .
>
> Furthermore, petitioner fails to make a prima facie showing that the California Medical Facility Staff retaliated against him for utilizing the inmate administrative appeal process.

MTD, Ex. B (Docket No. 27-9) at 2-3 (internal citations omitted).

C. Analysis

Defendants have shown that the issues and claims raised in the state habeas petition are the same for purposes of issue preclusion, or claim preclusion as well. Moreover, the Superior Court's determination was a final judgment for preclusion purposes. Younan, 51

---

[4] The second issue in the state habeas petition is not germane to the instant action, as it involved petitioner's claim that he was being held at a higher security level than justified by his classification score because of retaliatory animus. MTD, Ex. A (Docket No. 27-3) at 6.

9

Cal.App.4th at 411 (decision on Superior Court habeas was "for all intents and purposes, final as to the facts adjudicated"). Moreover, it does not matter that the court did not hold a hearing on the writ or issue an order to show cause: "A determination may be based on a *failure of proof*. . . ." Sims, 32 Cal.3d at 484 (emphasis in original; internal quotations, citations omitted). Here, the court determined that plaintiff had failed to establish even a prima facie case on his claims of retaliation and false imprisonment.

Defendants have not shown that the claim of excessive force against defendant Ramirez was actually or necessarily decided by the Superior Court's action, however: the decision simply does not mention petitioner's contention that Ramirez struck out at him, causing him injury. The resolution of this issue, moreover, is not necessarily included in the Superior Court's determination that the disciplinary finding was supported by sufficient evidence, for that finding did not resolve petitioner's contention that Ramirez used excessive force against him. See Whittlesey v. Aiello, 104 Cal.App.4th 1221, 1226 (2003) (preclusion does not apply to issue not actually decided); Frommhagen v. Board of Supervisors of Santa Cruz County, 197 Cal.App.3d 1292, 1301 n.3 (1987) (preclusion applies only to issues actually decided).

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (docket no. 27) be resolved as follows:

1. Granted as to defendant Cox;

2. Granted as to the claim that defendant Ramirez retaliated against him and filed a false disciplinary report; but

3. Denied as to the claim that defendant Ramirez used excessive force against him.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
2 shall be served and filed within fourteen days after service of the objections. The parties are
3 advised that failure to file objections within the specified time may waive the right to appeal the
4 District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5 DATED: February 10, 2010.

_____
U.S. MAGISTRATE JUDGE

2 keet1094.57(3)