IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY ROY KEETON,

     Plaintiff,                    No. CIV S-06-1094 GEB KJM P

     vs.

SERGEANT COX, et al.,

     Defendants.              FINDINGS AND RECOMMENDATIONS

         Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendant Ramirez has filed a motion to dismiss.

I. Procedural Background

         On May 19, 2006, plaintiff filed a complaint alleging, among other things, that defendant Ramirez "striked out" at plaintiff on May 15, 2002 and that defendant Cox violated plaintiff's rights on several occasions.

         In May 2007, defendants filed a motion to dismiss, alleging that the complaint failed to state a claim against defendant Cox and that plaintiff has "struck out" under the Prison Litigation Reform Act. Docket No. 11. This court recommended that the motion be denied, reasoning that dismissals for failure to prosecute did not constitute strikes, and found that the instant complaint stated a claim. Docket No. 19. Defendants objected on the ground that the

dismissals stemmed from plaintiff's failure to submit amended complaints after initial complaints had been found not to state a claim and that because "substance matters," these dismissals should be counted as strikes; they did not object to the determination that the complaint in this action states a claim. Docket No. 20. The court vacated its recommendation and gave plaintiff an opportunity to respond to defendants' arguments; he did not do so. Docket No. 21.

In its superseding findings and recommendations issued in response to the first motion to dismiss, this court again recommended denying the motion, recognizing that while substance indeed matters, the dismissals defendants characterized as strikes were not so in substance. Docket No. 24. It also recommended that defendants be directed to answer the complaint. Id. The district court adopted the findings and recommendations and directed defendants to file an answer. Docket No. 26.

Defendants did not answer the complaint but rather filed another motion to dismiss, this time arguing that various claims were precluded by state court determinations. Docket No. 27. This court recommended that the second motion to dismiss be granted completely as to defendant Cox and partially as to defendant Ramirez, insofar as the complaint alleged that defendant Ramirez had retaliated against him and filed a false disciplinary report, but denied insofar as the complaint alleged that defendant Ramirez used excessive force against plaintiff. Docket No. 31. The district court adopted these recommendations. Docket No. 33.

Defendant Ramirez has filed a third motion to dismiss, this time arguing that the excessive force claim was filed outside the statute of limitations. Docket No. 34. Plaintiff eventually filed an opposition and has also filed two documents entitled "Motion For Reconsideration Of Dismissal."

II. The Statute Of Limitations

Because section 1983 does not contain a statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions and incorporate the

1  forum state's law of tolling, both statutory and equitable, unless it is inconsistent with federal
2  law.  Wallace v. Kato, 549 U.S. 384, 387 (2007); Canatella v. Van De Kamp, 486 F.3d 1128,
3  1132-33 (9th Cir.), cert. denied, 552 U.S. 1041 (2007).

4        As of January 1, 2003, California's statute of limitations for personal injury
5  actions is two years; before that, it was a year.  Maldonado v. Harris, 370 F.3d 945, 954-55
6  (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.  Although the new statute does not revive claims
7  that were already barred when it was enacted, it does enlarge the limitations period for actions
8  that were not barred by the one year statute as of January 1, 2003.  Andonagui v. May Dept.
9  Stores Co., 128 Cal.App.4th 435, 440 (2005); Moreno v. Thomas, 490 F.Supp.2d 1055, 1061
10 (C.D. Cal. 2007).

11       Even though state law controls the statute of limitations, federal law governs the
12 accrual date of a § 1983 claim.  Wallace, 549 U.S. at 388.  Generally, a claim accrues when the
13 plaintiff knows or should have known of his injury; specifically, a claim of excessive force
14 accrues when the force is used against the plaintiff.  Maldonado, 370 F.3d at 955 (claim accrues
15 when plaintiff knows or has reason to know of the injury that forms the basis of the action);
16 Carbrera v. City of Huntington Park, 159 F.3d 374, 381 (9th Cir. 1998) (excessive force claim
17 accrued on date force was used).

18       Plaintiff alleges that defendant Ramirez used excessive force against him on May
19 15, 2002, which is the accrual date for his cause of action.  Defendant argues that plaintiff is not
20 entitled to the benefit of the longer statute of limitations because it is not retroactive.  While his
21 argument about retroactivity is generally correct, it does not govern this case because plaintiff's
22 claim was not barred when the two year statute became effective.  See Maldonado, 370 F.3d at
23 955 (extension of statute of limitations will not apply to claims already barred under prior
24 statute).   Without any tolling, the statute of limitations would have run on May 15, 2004.

25       Under California law the statute of limitations is tolled for a period not to exceed
26 two years because of imprisonment.  Cal. Civ. Proc. Code § 352.1; see Fink v. Shedler, 192 F.3d

1  911, 914 (9th Cir. 1999).  In addition, the statute of limitations is tolled while a prisoner exhausts
2  his administrative remedies.  <u>Brown v. Valoff</u>, 422 F.3d. 926, 943 (9th Cir. 2005).

3        Applying the two year tolling provisions of section 352.1 to this case means that
4  the statute of limitations did not expire until May 15, 2006.  Although the complaint in this case
5  was filed on May 19, 2006, plaintiff signed the certificate of service on March 23, 2006, which,
6  in the absence of contrary evidence, is properly considered to be the date he gave it to prison
7  authorities for mailing, which in turn is deemed to be the filing date.  <u>Houston v. Lack</u>, 487 U.S.
8  266, 276 (1988); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995) (applying the rule to
9  civil rights actions).  This action, filed on March 23, 2006, is timely.

10 III.  <u>Plaintiff's Requests for Reconsideration Of Dismissal</u>

11       As this court is recommending that the motion to dismiss be denied, plaintiff's
12 requests that any dismissal be reconsidered are moot.

13       IT IS THEREFORE ORDERED that plaintiff's motions for reconsideration
14 (docket nos. 40, 42) are denied.

15       IT IS HEREBY recommended that defendant's third motion to dismiss (docket
16 no. 34) be denied and that defendant be directed to file an answer to the complaint within
17 twenty-one days of the date of any order adopting this recommendation.

18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3   one days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6   shall be served and filed within fourteen days after service of the objections.  The parties are
7   advised that failure to file objections within the specified time may waive the right to appeal the
8   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: December 19, 2010.

_____
U.S. MAGISTRATE JUDGE

2
keet1094.mtd(3)